
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3577 | **DATE** | 6/15/2004 |
| **CASE TITLE** | LANCINE SACKO vs. STATE OF MICHIGAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis and motion for appointment of counsel are denied and his complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 16 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 4 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | 2004 JUN 15 AM 7:41 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANCINE SACKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. 04 C 3577 | DOCKETED |
| | ) | JUN 16 2004 |
| STATE OF MICHIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lancine Sacko filed a *pro se* complaint against the State of Michigan. Plaintiff's civil cover sheet identifies his action as a tort claim for medical malpractice. Along with his complaint, Sacko filed a petition to proceed *in forma pauperis* and a motion for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. Plaintiff's financial affidavit is confusing and contradictory, apparently due to plaintiff's difficulty with English. Plaintiff states that he is not currently employed, but indicates that his monthly salary is $1,400. It is unclear whether or not he is still receiving these wages. Though plaintiff states that he is not married, he reports that his spouse's monthly salary is also about $1,400. Other documentation supplied with the complaint indicates that plaintiff is married but does not confirm that his spouse is employed. Though plaintiff identifies interest and unemployment as other sources of his income, when asked to state how much income he has earned from these sources, he writes "non." On other lines of the affidavit plaintiff indicates that he received $60,000 on March 28, 2004. Given that plaintiff and his spouse may be receiving income of



$2,800 a month, and that he may have received a sizable sum of money a few months ago, we find that plaintiff has failed to demonstrate an inability to pay. However, it is possible that a revised financial affidavit would reveal that plaintiff has no income and no assets, and that the current affidavit's representations otherwise were the result of misunderstanding. Thus, despite plaintiff's failure to establish financial eligibility, we will address the merits of plaintiff's claim.

During the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the petition if we determine that the action is frivolous or malicious, or it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). Plaintiff's allegations are unclear, but he appears to argue that the State of Michigan is liable for the violation of his constitutional rights arising from the suspension of his driver's license, his arrest without cause, injury to his hand while in police custody, and a court's denial of his personal protection order. Plaintiff also states on his civil cover sheet that he has a tort claim for medical malpractice, and he filed a form entitled "Complaint of Employment Discrimination," identifying the State of Michigan as the defendant, but JAC Products, Inc., as the employer.

Plaintiffs' claims against the State of Michigan are barred by the Eleventh Amendment. A state cannot be sued in federal court unless the state waives its sovereign immunity or consents to be sued. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in the federal courts. Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986). Further, plaintiff has failed to state any basis for his tort claim and employment discrimination claim against the State.

Even if Michigan were not immune from this suit, the petition to proceed *in forma*

*pauperis* would be denied and the complaint dismissed because the Northern District of Illinois is an improper venue. Plaintiff, a resident of Michigan, erroneously claims that the basis of federal jurisdiction is the U.S. Government's status as defendant. The United States is not a named party in this suit, and so plaintiff's only basis of jurisdiction would be a federal question. When a federal court has jurisdiction for a reason other than diversity of citizenship, the action may only be brought in a judicial district where (1) a defendant resides, if they all reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). None of these criteria applies – the defendant is not a resident of this district, the events did not take place here, nor can the defendant be found here.

## CONCLUSION

For the foregoing reasons plaintiff's petition to proceed *in forma pauperis* and motion for appointment of counsel are denied and his complaint is dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 15, 2004.

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| LANCINE SACKO | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 04 C 3577 |
| STATE OF MICHIGAN | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's petition to proceed in forma pauperis and motion for appointment of counsel are denied and his complaint is dismissed.

Michael W. Dobbins, Clerk of Court

Date: 6/15/2004

*Linda Garth*
Linda Garth, Deputy Clerk